United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MORGAN REID, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00326 |
| | § | |
| PAM HEALTH, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is an application to proceed in district court without prepaying fees and costs. *See* Dkt. 2. "The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Id.* Because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *id.*, federal courts are authorized to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

"In order to preclude fraudulent or careless motions of poverty, the applicant moving for in forma pauperis status should state with some particularity, definiteness and certainty the facts as to his poverty." *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973) (quotation omitted). "Further, when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity, the Court

may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability." *Id.*

In the instant application, Plaintiff has left the first page blank, failing to disclose if she has any type of income. Failure to submit a completed application is reason enough to deny Plaintiff's application. Additionally, Plaintiff discloses more than $2,500 a month in expenses and three dependents, yet Plaintiff does not disclose any debt. "It undeniably costs money to live. So it is simply hard to believe that [Plaintiff] . . . subsists on zero income, zero savings, and [zero] asset[s]." *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013). "Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, [courts have] demanded supplemental information from dubious IFP movants." *Id.*

Plaintiff pays her monthly expenses and provides for her dependents somehow. At a minimum, Plaintiff must submit a complete application and account for her basic subsistence before I will consider her IFP application. Accordingly, Plaintiff is ordered to file an amended IFP application by Thursday, October 8, 2026. Failure to submit a complete IFP application by October 8, 2026, will result in dismissal of this case.

SIGNED this 25th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE